Jamison R. McCune, OSB No. 135547
Email: mccune@bodyfeltmount.com
BODYFELT MOUNT LLP
319 SW Washington St., Suite 1200
Portland, Oregon 97204
Telephone: (503) 243-1022
Facsimile: (503) 243-2019
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| GARRETT JUDAH and SONYA JUDAH, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH TORRES and SIMONE TORRES, husband and wife; S.E. FALCON, LLC, a Delaware limited liability company; ROBIN TERMEFOROOSH, an individual,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Garrett Judah and Sonya Judah bring this suit against Defendants Joseph Torres and Simone Torres, S.E. Falcon, LLC, and Robin Termeforoosh for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and conversion, alleging:

## THE PARTIES

1. Plaintiffs Garrett and Sonya Judah are residents of Oregon.

2. Defendants Joseph Torres and Simone Torres, husband and wife, are believed to be residents of New York.



BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

3. Defendant S.E. Falcon, LLC is a Delaware limited liability company registered to do business in other states.

4. Defendant Robin Termeforoosh is a resident of Florida.

5. Plaintiffs are informed and believe that each of the individual Defendants took actions for himself as the agent, employee, and/or representative of each of the other Defendants. In taking the actions alleged, each Defendant was acting within the course and scope of the agency, representation, or employment relationship with knowledge, acquiescence and/or ratification by each and every other Defendant for the acts taken.

6. To the extent that any Defendant is married, it is alleged that each actor took the actions for the benefit of and on behalf of his/her martial community.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction pursuant to 28 U.S.C. §1332 as the controversy is between citizens of different states and the amount in controversy exceeds $75,000.

8. In connection with the acts, conduct, and wrongs alleged herein, Defendants used the means and instrumentalities of interstate commerce, including but not limited to, interstate telephone and electronic communications to solicit investments from this District. Defendants routinely and repeatedly communicated with Plaintiffs and purposefully connected with this District to obtain funds. Defendants arranged for transactions between federally insured banking institution(s) and secured loans/funds originated from this District. Defendants secured an "Equity Subscription Agreement," a written investment contract, with Plaintiffs/known Oregon residents, and Defendants financially benefitted from securing this Agreement.

9. Because a substantial part of the events occurred in this District, venue is proper pursuant to 28 U.S.C. §1391. Each of the Defendants had substantive contact and purposefully aimed activities at this District, establishing personal jurisdiction as well.



BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

## GENERAL ALLEGATIONS

10. Defendant Joseph Torres is a financial professional who claims to have extensive experience in real estate investment, mergers and acquisitions, and asset management. Defendant Joseph Torres founded Defendant S.E. Falcon, LLC, an entity in “active development and acquisition" of real estate.

11. Defendant Termeforoosh is another financial professional whose main business is loan origination (residential mortgage lending) but who also prides himself as proficient in “peer-to-peer” lending transactions.

12. Plaintiff Garrett Judah is an Oregon sales professional who routinely engages in peer groups/networking channels to advance his sales skills and (presumably) to expand his customer base.

13. Plaintiff Garrett Judah was introduced to Defendant Termeforoosh in or about mid-2019, and Defendant Termeforoosh began working to bring Plaintiff Garrett Judah into “peer-to-peer lending” opportunities.

14. By third quarter 2019, Defendant Termeforoosh introduced Plaintiff Judah to Defendant Joseph Torres as a “partner” of his in peer-to-peer lending. Defendant Garrett Termeforoosh and Defendant Joseph Torres worked together to secure funding/loans from Plaintiffs.

15. By August 2019, Defendants Termeforoosh, Joseph Torres and Simone Torres secured funding from Plaintiffs in the amount of $240,000.00 to purchase “shares” of a private Florida company, Webstar Networks Corporation. Although shares were to be issued from a private entity (“Webstar”), Defendant Joseph Torres requested that funds be facilitated through him/his entity, S.E. Falcon, LLC.

16. The initial investment/purchase of shares was completed, and Webstar provided Plaintiffs a written Equity Subscription Agreement/documentation as promised.



BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

17. Once Defendants Termeforoosh and Joseph Torres obtained Plaintiffs' trust, they began to ask for a series of additional investments/loans of funds, which included a $100,000 loan on or about October 1, 2019 and an additional $18,000 loan on or about October 9, 2019.

18. The October 1, 2019 loan ($100,000) was to be repaid in a lump sum, with interest, for a total payout of $135,000 by November 15, 2019. This loan was specifically indicated as being used for funding a "cannabis project." Plaintiffs wired these funds directly to Defendant S.E. Falcon, LLC, and Defendants promised to provide paperwork for this deal.

19. The October 9, 2019 loan for $18,000 was to be repaid on monthly payments of $180 per month for 6 months, then the remaining balance would be paid in full at the end of 6 months. Plaintiffs wired these funds as specifically directed by Defendant Termeforoosh, who promised to provide paperwork for this deal.

20. Defendants began making the small monthly payments toward the October 9, 2019 loan, keeping the Plaintiffs in a position of trust and confidence.

21. By January 2020, Defendants sought an additional investment from Plaintiffs, which was to be secured by issuing additional shares from Webstar.

22. On or about January 22, 2020, Plaintiffs wired $200,000 directly to the account of Defendant Joseph Torres, which was to be repaid in a lump sum, and Defendants were to immediately provide $50,000 in Webstar shares as security for the $200,000 loan.

23. While Plaintiffs were waiting for the additional Webstar documentation, Defendant Joseph Torres contacted them on or about January 27, 2020 expressing a "critical" but "very short term need" for another loan. Defendant Joseph Torres requested $130,000 from Plaintiffs but expressed that it was needed for a very small window of time.



BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

Defendant Joseph Torres claimed that Webstar was about to receive "$5 mil" within days, and Plaintiffs would be immediately repaid for all of their loans/funds at once.

24. Defendants expressed that this loan was "important" and needed quickly, and Defendant Joseph Torres expressly promised Plaintiffs:

a. Plaintiffs would be repaid their prior loans, in full, within weeks.

b. Plaintiffs would be repaid on this new/additional loan at the same time.

c. Defendant Torres would give Plaintiffs a personal guarantee for their loans.

d. The amounts would be:

i. The October 1, 2019 loan of $100,000 would be repaid at **$135,000**;

ii. The October 9, 2019 loan of $18,000 would be repaid at **$17,000** (as some monthly payments had already been paid);

iii. The January 22, 2020 loan of $200,000 would be repaid at **$250,000**; and

iv. This new (January 31, 2020) loan of $50,000 would be repaid at **$65,000**.

In total, Defendants promised to repay Plaintiffs **$467,000** within a week if this loan was "short term" loan was made to help.

25. Based on these express promises, Plaintiffs sent another wire transfer on January 31, 2020, directly to the account of Defendant Joseph Torres, in the amount of $50,000.

26. By February 2020, Defendants defaulted on all promises made to Plaintiffs. Defendants failed to provide/secure/issue any additional shares in Webstar; Defendants failed to repay another penny of funds owed to Plaintiffs; and, Defendants have made multiple additional promises of payment, every one of which has been ignored.



BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

Defendants Torres and S.E. Falcon completely cut off communication with Plaintiffs, and even Defendant Termeforoosh eventually stopped communicating.

**COUNT ONE**
**(Breach of Contract)**

27. Plaintiffs incorporate all foregoing allegations as if repeated in this paragraph verbatim.

28. On or about October 1, 2019, Plaintiffs entered an agreement to loan Defendants $100,000 on the express promise that Plaintiffs would be repaid $135,000 on or about November 15, 2019. The parties agreed that these funds were being loaned for investment in a "cannabis project."

29. Plaintiffs performed on the October 1, 2019 contract and wired $100,000 directly to Defendant S.E. Falcon, LLC pursuant to the parties' agreement.

30. On or about October 9, 2019, Plaintiffs entered an agreement to loan Defendants $18,000 on the express promise that Plaintiffs would be repaid $180 per month for 6 months, and after the 6th month, Plaintiffs would receive their full principal of $18,000 back.

31. Plaintiffs performed on the October 9, 2019 contract and wired $18,000 as directed by Defendant Termeforoosh.

32. On or about January 22, 2020, Plaintiffs entered an agreement to loan Defendants $200,000 on the express promise that Plaintiffs would be immediately provided $50,000 in Webstar shares to "secure" the loan, with the full amount to be repaid in approximately 10 days.

33. Plaintiffs performed on the January 22, 2020 contract and wired $200,000 directly to Defendant Torres' personal account.



BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

34. On or about January 31, 2020 Plaintiffs entered an agreement to loan Defendants an additional $50,000 on the express promise that the funds would be repaid in approximately one week, with $15,000 of interest (for a total return of $65,000).

35. In addition, Defendant Joseph Torres expressly promised to provide Plaintiffs a personal guarantee for the January 31, 2020 loan.

36. Plaintiffs performed on the January 31, 2020 loan contract and wired another $50,000 directly to Defendant Joseph Torres' personal account.

37. At the same time that the January 31, 2020 loan was made, Defendants ratified the prior loans/contracts to promise that all outstanding loans/contracts would be paid in full within a week of the loan. Specifically, Defendants promised to repay:

a. The October 1, 2019 loan of $100,000 would be repaid at **$135,000;**

b. The October 9, 2019 loan of $18,000 would be repaid at **$17,000**;

c. The January 22, 2020 loan of $200,000 would be repaid at **$250,000**; and

d. This new (January 31, 2020) loan of $50,000 would be repaid at **$65,000**.

In total, Defendants promised to repay Plaintiffs **$467,000** within a week of the final contract/loan made on January 31, 2020.

38. Defendants breached the October 1, 2109 contract by failing to repay any portion of the agreement.

39. Defendants breached the October 9, 2019 contract by failing to repay the amount of $17,000.

40. Defendants breached the January 22, 2020 contract by failing to repay any portion of the agreement.

41. Defendants breached the January 31, 2020 contract by failing to repay any portion of the agreement.



BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

42. Defendants' actions have caused Plaintiffs damages in the amount of at least $467,000.00, including principal and interest.

**COUNT TWO**
**(Breach of Good Faith and Fair Dealing)**

43. Plaintiffs incorporate all foregoing allegations as if repeated in this paragraph verbatim.

44. The law imposes an implied duty upon contracting parties to act in good faith and fair dealing with one another to facilitate performance and enforcement of agreed contract terms.

45. The implied duty serves to protect each party's objectively reasonable contractual expectations, even if those expectations are not expressly stated in the contract terms.

46. In addition to the actual breaches of contract terms outlined in Count One, above, Defendants here further breached the duties of good faith and fair dealing owed to Plaintiffs by, at least:

a. Failing to provide a Note, Personal Guarantee, and documentation;
b. Making repeated promises (with dates certain) for repayment and routinely creating excuses for non-payment;
c. Pretending that this was a "risk free" transaction and that Plaintiffs would be repaid in full;
d. Being malicious and unprofessional with Plaintiffs when they inquired about the return of their funds;
e. Pretending that wire transfers were not made directly to the Defendants (despite written confirmation);
f. Fighting among themselves (Defendants) about which parties owed the money; and
g. Cutting off communication ("blocking" Plaintiffs phone numbers and text messages).

47. Plaintiffs never could have expected this behavior (and did not) at the time they entered the contractual relationship with Defendants.



BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

48. Defendants' actions have caused Plaintiffs damages, including the loss of additional interest that has been lost due to the significant and intentional delay in failing to repay the contract funds.

**COUNT THREE**
**(Unjust Enrichment)**

49. Plaintiffs incorporate all foregoing allegations as if repeated in this paragraph verbatim.

50. To the extent that there is not an express contract found here, Plaintiffs are still entitled to recover under the quasi-contractual theory of unjust enrichment.

51. Plaintiffs conferred benefits on Defendants by providing $378,000.00 in readily-available funds, for Defendants' use or investment.

52. Defendants accepted the benefit(s) and enrichment of the $378,000, making multiple acknowledgement(s) and promises to repay the funds.

53. It would be inequitable for Defendants to keep the funds or retain the benefits of the principal amount of $378,000 plus interest, as the value of the benefit(s) are at least $467,000, or an amount to be proven at trial.

**COUNT FOUR**
**(Conversion)**

54. Plaintiffs incorporate all foregoing allegations as if repeated in this paragraph verbatim.

55. By the acts described in this Complaint, Defendants have intentionally exercised dominion and control over the Plaintiffs' money/investments.

56. Defendants agreed to accept Plaintiffs' funds for the express purposes of lending those funds and/or "investing" the funds for Plaintiffs' benefits



BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

57. Without regard to the promises made, Defendants have so seriously interfered with Plaintiffs' rights that Plaintiffs have been deprived of their money, their ability to earn interest on their money, and/or their right to control their own finances.

58. Defendants are liable to repay Plaintiffs the full value of their funds, in an amount which is presumed to be not less than $467,000.00, but which may be greater than this amount as will be proven at trial.

**DEMAND FOR JURY TRIAL**

59. In accordance with Federal Rules of Civil Procedure 38(b), Plaintiffs demand a trial by jury on all triable issues.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for Judgment as follows:

A. For compensatory, restitutionary, consequential and/or incidental damages in an amount not less than $467,000.00;

B. For disgorgement of funds withheld by either unjust enrichment or conversion;

C. For costs and disbursements, including a prevailing party fee award;

D. For both pre-judgment and post-judgment interest at the highest rates permitted by law; and

E. For any and all further relief as the Court deems appropriate and just.

DATED this 2nd day of March, 2022.

**BODYFELT MOUNT LLP**

BY: ______________________________

Jamison R. McCune, OSB No. 135547
Email: mccune@bodyfeltmount.com
Phone: (503) 243-1022
*Attorneys for Plaintiffs*



BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019